**REEBOK INTERNATIONAL LTD. (a Massachusetts corporation) and Reebok International Limited (a limited company of the United Kingdom), Plaintiffs,**

v.

**MARNATECH ENTERPRISES, INC., Conatech, S.A. de C.V., Nathan Betech; Various John Does, Jane Does and ABC Companies, Defendants.**

Civ. A. No. 89–1361–GT (CM).

United States District Court, S.D. California.

Oct. 4, 1989.

Amended Order Jan. 12, 1990.

**1522**

See also 737 F.Supp. 1515.

Neil A. Smith, Limbach, Limbach & Sutton, San Francisco, Cal. (Harley I. Lewin, Bart A. Lazar, Lewin & Laytin, P.C., New York City, of counsel), for plaintiffs.

TEMPORARY RESTRAINING ORDER LIMITING DEFENDANTS FROM TRANSFERRING ASSETS AND ORDER TO SHOW CAUSE

GORDON THOMPSON, Jr., Chief Judge.

Plaintiffs, REEBOK INTERNATIONAL LTD. and REEBOK INTERNATIONAL LIMITED (hereinafter referred to collectively, as "Reebok" or "plaintiff"), having moved *ex parte* for a temporary restraining order, and order to show cause, preventing the defendants MARNATECH ENTERPRISES, INC., CONATECH, S.A. DE C.V. and NATHAN BETECH, their associates, employees or parties otherwise affiliated therewith, from transferring assets without prior approval, for the reason that defendants appear to have been using counterfeit reproductions of plaintiff's federally registered REEBOK, STRIPE-CHECK Design and STARCREST Design trademarks (hereinafter the "Reebok Trademarks", copies of which are annexed the Complaint as Exhibits A, B and C) and plaintiff having established a reasonable basis for the court to temporarily prevent defendants from transferring assets thus

avoiding an accounting of defendants' profits from their importing, exporting, manufacturing, distribution and selling of counterfeit REEBOK footwear, and the court having reviewed the pleadings, moving papers, and declarations submitted by plaintiff;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, in accordance with Rules 64 and 65 of the Federal Rules of Civil Procedure, defendants MARNATECH ENTERPRISES, INC., CONATECH S.A. DE C.V. and NATHAN BETECH and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of these defendants, without prior approval of the court, except as follows:

(1) No assets shall be transferred unless and until such time as any defendant wishing to transfer assets files with the court and serves upon plaintiff's counsel an accounting of all assets having a value of Five Thousand Dollars ($5,000) or more, and the location an identity thereof, and upon the filing of such accounting, such defendant may make payments for ordinary living expenses not to exceed Two Thousand Dollars ($2,000) per month, with an accounting of such payments to be filed with the court and provided plaintiff within ten (10) days following the end of each month;

(2) any defendant may pay ordinary business expenses as follows:

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such defendant or company, upon presentation of said lease or loan document to plaintiff and verification thereof;

(b) ordinary and regular salaries to any *bona fide* employees, other than any of the defendants themselves, or any relatives or dependents thereof, to the extent that such salaries are not excessive; provided, however, that such salaries shall be paid to persons on the payroll of such defendant as of the 1st of October 1989, and such salaries do not exceed the prior month's level and further provided that defendant shall first present to plaintiff's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than Two Thousand Dollars ($2,000), not to exceed an aggregate of more than Five Thousand Dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and such defendant shall provide plaintiff's counsel with evidence thereof within ten (10) days following the end of each month;

(3) defendants shall provide plaintiff with an accounting of all payments of living expenses, business expenses, and any transfers of assets made pursuant to this order within ten (10) days following the end of each month.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants shall show cause before Hon. Gordon Thompson, Jr., Judge of this Court, at the United States Courthouse, Southern District of California, Courtroom # 1, on October 10th, 1989, at 2:00 p.m., or as soon thereafter as counsel can be heard, why an order should not be entered granting plaintiff a preliminary injunction in the terms of the temporary restraining order issued above, or otherwise restricting the transfer of defendants' assets; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants shall serve upon plaintiff's attorneys, within ten (10) days from the date of service of this order, copies of all accountant's reports, bank statements, certificates of deposit notes or bonds, checking accounts,

money market or GNMA accounts, savings accounts or other financial institution records showing investments or deposits, and documents indicating title to any real or personal property in each defendant's actual or constructive possession or control; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that on two (2) days written notice to the court and plaintiff, any defendant may appear and move for the dissolution or modification of this order; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall post a cash or corporate surety bond, if not already posted in conjunction with other orders of this court, in the amount of $5,000.00 as security determined adequate for the payment of such damages as defendant may be entitled to recover as a result of the temporary restraining order; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this order and the pleadings and motion papers upon which it is based shall be sealed by the Court until service upon defendants or the date of hearing of the Order to Show Cause listed above; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this order shall be served upon defendants' or their counsel within five (5) business days of the date of this order, or such time as may be extended by this court; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants' answering papers, if any, shall be filed with the clerk of this court and served upon the attorneys for plaintiff, by delivering copies to the offices of Neil A. Smith, Esq., Limbach, Limbach & Sutton, 2001 Ferry Building, San Francisco, California 94111, and mailing copies to Harley I. Lewin, Esq., Lewin & Laytin, P.C., Fifteenth Floor, 1776 Broadway, New York, New York 10019, on or before 9 AM, October 10th, 1989, and served in Chambers Courtroom # 1. Any response to be filed by plaintiff and served upon the attorneys for defendants on or before Orally at hearing.

## FINDINGS AND CONCLUSIONS AND AMENDED ORDER FOR A INJUNCTION AGAINST THE TRANSFER OF DEFENDANTS' ASSETS

On September 12, 1989 plaintiffs, Reebok International Ltd. and Reebok International Limited, initiated this action and, on plaintiffs' motion, this Court issued an ex parte temporary restraining order, seizure order and order to show cause for a preliminary injunction (hereinafter the "Seizure Order") pursuant to the provisions of the Lanham Act (15 U.S.C. § 1051 *et seq.*) as amended by the Trademark Counterfeiting Act of 1984, Public Law 98–473, and the laws of the State of California, for the reason that defendants appeared to have been selling and dealing in footwear bearing counterfeit copies of plaintiffs' federally registered REEBOK, STARCREST Design and STRIPECHECK Design trademarks (hereinafter collectively the "Reebok Trademarks"). On September 22, 1989 this Court granted plaintiffs' motion for a preliminary injunction enjoining defendants from *inter alia* distributing and selling counterfeit REEBOK footwear.

In granting plaintiffs preliminary injunctive relief, this Court made the following findings and conclusions of fact and law: that this Court has jurisdiction over the defendants as well as their activities; that plaintiffs are likely to succeed on the merits in this case; that plaintiffs have suffered immediate and irreparable harm from defendants' counterfeiting activities; and that the balance of the equities, when weighed, heavily favors plaintiffs.

On October 4, 1989, plaintiffs presented evidence to this Court concerning defendants' sales of counterfeit REEBOK footwear and apparent fraudulent financial dealings in connection therewith, and moved *ex parte* for a temporary restraining order and an order to show cause for a preliminary injunction limiting defendants Nathan Betech, Marnatech Enterprises, Inc. and Conatech, S.A. De C.V. from transferring their assets without prior approval, in accordance with Federal Rules of Civil Procedure 64 and 65 and the laws of the State of California.

Plaintiffs established a reasonable basis for this Court to conclude it was necessary to prevent defendants from transferring their assets and thus avoiding an equitable accounting for their profits from the sale of such counterfeit goods under the Lanham Act or other relief in this action. Therefore, this Court granted the requested Temporary Restraining Order and Order to Show Cause on October 4, 1989.

On November 14, 1989, this Court heard arguments of counsel Neil A. Smith of Limbach, Limbach & Sutton and Harley I. Lewin of Lewin & Laytin, P.C. for plaintiffs and Robert G. Dyer of Dyer & Walton and Arthur Holz of Charmasson & Holz for defendants on the granting of a preliminary injunction freezing defendants' assets. The Court having reviewed the memoranda, declaration and exhibits filed by both parties, makes the following findings and conclusions and enters the following order freezing defendants' assets.

■ Under the provisions of the Lanham Act, plaintiffs will be entitled to an equitable accounting of defendants' profits from the sale of such counterfeit merchandise. *Playboy Enterprises, Inc. v. Baccarat Clothing, Co., Inc.,* 692 F.2d 1272 (9th Cir.1982); 15 U.S.C. § 1117. As the ninth Circuit noted by way of background in *Playboy,* if the courts do not act strongly to deprive defendants of all economic profit from their use of counterfeit marks, then there is no deterrent to future counterfeiting activity and the "consuming public is equally injured by an inadequate judicial response to trademark infringement." *Id.* at 1275.

■ The Ninth Circuit has recognized that where a plaintiff is entitled to equitable relief, an order freezing a defendant's assets is appropriate in order to preserve the status quo, so that assets can be preserved to satisfy an equitable decree. *See e.g., Federal Trade Commission v. H.N. Singer, Inc.,* 668 F.2d 1107, 1112 (9th Cir.1982) (prejudgment preliminary injunction to freeze assets necessary to preserve the possibility of rescission of contracts and restitution of money obtained by fraud). *See also United States v. Spilo-*

*tro,* 680 F.2d 612, 618 (9th Cir.1982), and *Adidas Sportschufabriken Adi Dassler KG v. Chen,* 9 U.S.P.Q.2d 1980 (N.D.Cal. 1988), appeal dismissed April 20, 1989. This Court is satisfied that such an order is also available under the Lanham Act.

Defendants make three arguments in opposition to plaintiffs' motion for this preliminary injunction limiting defendants from transferring their assets. First, that plaintiffs improperly obtained and executed the Seizure Order. Second, that this Court is not empowered to grant the relief requested. Third, that the harm to defendants will greatly outweigh that to the plaintiffs if the requested relief is granted.

*The Seizure Order*

■ At the hearing held September 22, 1989, this Court found that the Seizure Order was properly granted in accordance with the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d)(1)(A) (hereinafter Counterfeiting Act). The Seizure Order contained the requisite protective provisions mandated by the Counterfeiting Act. The Order provided that defendants' seized records "shall be subject to a protective order whereby access thereto shall be initially restricted to plaintiff's outside counsel, and defendants and defendants' counsel." Seizure Order p. 9, para. 1. The Seizure Order further provided that the file was to be sealed until a hearing on the preliminary injunction or by further order of the Court. Seizure Order pg. 11, para. 1. These provisions are in accordance with the Lanham Act.

Defendants objected to the provision of the Seizure Order which provided that "records or things seized shall be impounded in the custody or control of plaintiffs or plaintiffs' agent as substitute custodian pending further order of this Court". The Court is satisfied that this provision did not violate the rights of the defendants, as the protective order limited plaintiff's access to these records. *See also General Electric Company v. Speicher,* 877 F.2d 531 (7th Cir.1989).

■ This is not the appropriate forum for defendants to contest plaintiffs' action

in execution of the Seizure Order. Any such claim is properly brought as a separate claim, and accordingly will not be further addressed by this Court herein. *Cf.* 15 U.S.C. § 1116(d)(11).

### The Court's Power to Order the Freezing of Assets

The pre-judgement freezing of asset in a Lanham Act case appears to be an issue of first impression in our district as well as many others. Plaintiffs presented to the Court a number of District Court orders granting such requests, but this Court is reviewing this request on its own analysis and review of the authorities. The Court finds that this order is proper pursuant to the Court's general equitable powers and pursuant to the statute.

Federal Rule of Civil Procedure 64 gives the Court the general equitable power to order the seizure of assets "at the commencement of and during the course of an action ... for the purpose of securing satisfaction of the judgement ultimately to be entered ... under the circumstances and in the manner provided by the law of the state in which the district court is held ... subject to ... (1) any existing statute of the United States ... to the extent to which it is applicable."

Plaintiffs contend that the Court could order the seizure pursuant to FRCP and California's attachment statute, Calif. Code of Civ.Pro. § 483.010. That statute provides for attachment "only in an action on a claim or claims for money, each of which is based upon a contract, express or implied". This Court does not find either an express or implied contract in this action. The plaintiffs present no authority for the contention that a suit upon a trademark infringement under the Lanham Act constitutes a suit on any type of a contract.

The Court finds the authority for its action in the Lanham Act itself. The Act states at 15 U.S.C. § 1117 "When a violation of any right of the registrant of a mark (has) been established ... the plaintiff shall be entitled ... subject to the principles *of equity* to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action". (emphasis added). The courts have held that successful plaintiffs proceeding under the Lanham Act have a right to the equitable remedy of an accounting of profits. *See Playboy Enterprises infra.*

In *F.T.C. v. H.N. Singer, Inc., infra,* the 9th Circuit concluded that the District Court had authority to order the freezing of assets when the government sought such orders for violation of the Federal Trade Commission Act. The Court stated "the authority to freeze assets by a preliminary injunction must rest upon the authority to give a form of final relief to which the asset freeze is an appropriate provisional remedy." *Id* at 1112. This Court has the authority to grant an accounting of profits, an equitable remedy, to plaintiffs. The Court is convinced that there is a likelihood that defendants would transfer and hide assets in order to avoid a judgment.

Defendants cite *DeBeers v. United States,* 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) for the proposition that a pre-judgment order freezing assets to preserve a possible judgment is beyond the power of the Court. But *DeBeers* can be distinguished. In that case, the government was seeking to freeze assets which were not a part of the action—the assets were neither property nor funds in dispute in the case. The government's concern in seeking the order was to preserve its recovery of damages.

In this case, plaintiffs are entitled to an accounting of profits, which is an equitable remedy creating a right of the claimant to "his" money which has been inequitably retained by the defendant. It creates under the law a "fund" of money which the plaintiff is recovering, his diverted profits. Thus the assets sought to be frozen are part of the subject of the action. The *DeBeers* court acknowledged that pre-judgment orders freezing assets can be issued when the injunction is granted "with respect to a fund or property which would have been the subject of the provisions of any final decree" in the case.

*Balance of Hardships*

The exercise of this Court's equity power to order a preliminary injunction freezing defendants' assets requires particularly careful consideration by this Court. The Court is satisfied that plaintiffs have a reasonable likelihood of showing at trial that defendants engaged in a substantial business of counterfeit goods, conducting such business out of the United States. This business infringed upon plaintiff's trademark and caused irreparable harm both economically and by reputation to plaintiffs. Due to the international aspect of the defendants' business, the Court is concerned that unless the assets are frozen, defendants may hide their allegedly ill-gotten funds.

The Court recognizes that the freezing of assets could work a hardship on the defendants. However, this order makes provisions for withdrawal of living expenses, and for the payment of expenses related to legitimate business operation. If defendants comply with the order, and submit the necessary proof to the Court, no undue hardship need be felt by defendants as a result of this order.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, in accordance with Federal Rules of Civil Procedure 64 and 65 and 15 U.S.C. § 1116(a) and the inherent equitable powers of the Court, defendants MARNATECH ENTERPRISES, INC., CONATECH S.A. DE C.V. and NATHAN BETECH, their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are preliminarily enjoined from transferring, disposing of, or secreting any money, stocks or other assets of these defendants, until further order of the court, except as follows:

(1) No assets shall be transferred unless and until such time as any defendant wishing to transfer assets files with the court and serves upon plaintiff's counsel an accounting of all assets having a value of Five Thousand Dollars ($5,000) or more, and the location and identity thereof, and upon the filing of such accounting, such defendant may make payments for ordinary living expenses not to exceed Two Thousand Dollars ($2,000) per month, with an accounting of such payments to be filed with the court and provided plaintiffs within ten (10) days following the end of each month;

(2) any defendant may pay ordinary business expenses as follows:

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such defendant or company, upon presentation of said lease or loan document to plaintiffs and verification thereof;

(b) ordinary and regular salaries to any *bona fide* employees, other than any of the defendants themselves, or any relatives or dependents thereof, to the extent that such salaries are not excessive; provided, however, that such salaries shall be paid to persons on the payroll of such defendant as of 1st of October 1989, and such salaries do not exceed the prior month's level and further provided that defendant shall first present to plaintiff's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than Two Thousand Dollars ($2,000), not to exceed an aggregate of more than Five Thousand Dollars ($5,000 per month), for ordinary business expenses, which transfers shall be documented and such defendant shall provide plaintiffs' counsel with evidence thereof within ten (10) days following the end of each month;

(3) defendants shall provide plaintiffs with an accounting of all payments of living expenses, business expenses, and any transfers of assets made pursuant to this order within ten (10) days following the end of each month.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants shall serve upon plaintiffs' attorneys, within five (5) days from the date of this order, copies of all accountant's reports, bank statements, certificates of deposit notes or bonds, checking accounts, money market or GNMA accounts, savings accounts or other financial institution records showing investments or deposits, and documents indicating title to or source of use of any monies real or personal property in each defendant's actual or constructive possession or control; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cash or corporate surety bond previously posted by plaintiffs in conjunction with the temporary restraining order of this Court shall remain posted as security for the payment of such damages as defendant may be entitled to recover as a result of this preliminary injunction.