Compaq v. Hardware 4 Less, et al.    CV-02-041-JM  02/13/02  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Compaq Computer Corporation and
Compaq Information Technologies
Group, L.P.

   v.                                        Civil No. 02-041-JM
                                          Opinion No. 2002 DNH 044

Hardware 4 Less, Inc., Mark Brunelle,
East West Trading Corporation, Paul
Kavalchuk, Toronto Tape and Shipping
Supply, Ltd., Liberty Press, Inc.,
ABC Companies 1-5 and John Does 1-5


**O R D E R**

In this action, plaintiffs Compaq Computer Corporation and

Compaq Information Technologies Group, L.P. (collectively,

"Compaq") allege that the defendants are counterfeiting and

infringing upon Compaq's trademarks and trade dress, engaging in

unfair competition, and otherwise violating federal trademark

legislation and state law.  On January 29, 2002, this court

granted the plaintiffs' motion for an ex parte seizure order

against defendants Hardware 4 Less, Inc. ("Hardware 4 Less") and

Mark Brunelle pursuant to the Lanham Act's seizure provisions, 15

U.S.C. § 1116(d).[1]  See Document no. 13 (setting forth seizure

_____

[1]On January 30, 2002, this court granted the plaintiffs'
motion for an ex parte seizure order against defendant East West

order).  On February 1, 2002, this court ruled that federal law requires the district court to take and maintain custody of all items seized from the defendants, and that there is no authority allowing the court to designate a substitute custodian.  See Document no. 23 (order directing plaintiffs to turn custody of seized items over to the court).  This order sets forth the reasons for that conclusion.

## Background

In connection with their motion for an ex parte seizure order against the defendants, the plaintiffs submitted to the court a proposed form of order in which they suggested that their local counsel, Rath, Young and Pignatelli, P.A. ("Rath, Young"), act as "substitute custodian of any and all properties seized pursuant to this Order."  In granting the plaintiffs' motion, however, this court rejected Compaq's proposal for a substitute custodian, ruling instead that "[a]ny and all materials seized pursuant to this Order shall be delivered to the court in accordance with 15 U.S.C. § 1116(d)(7)."  Section 1116(d)(7) of

Trading Corporation ("East West").  Since that time, plaintiffs and East West have stipulated and agreed to the contents and conditions of the seizure order.  Consequently, this Order only addresses the seizure order against Hardware 4 Less and Brunelle.

2

the Lanham Act specifies, "[a]ny materials seized under this subsection shall be taken into the custody of the court."

Following the issuance of the seizure order, the court held a hearing at which Compaq appeared and stated on the record that controlling authority allows the district court to designate a substitute custodian to maintain items seized pursuant to 15 U.S.C. § 1116(d). The plaintiffs also submitted two seizure orders from the United States District Court for the Central District of California in which the court authorized a law firm to act as a substitute custodian. Apparently, Compaq submitted these orders in order to demonstrate that the designation of a substitute custodian is an acceptable practice within certain jurisdictions.[2]

Based upon Compaq's representations, this court released the items seized from Hardware 4 Less and Brunelle into the custody of Rath, Young.[3] The court, however, instructed plaintiffs'

_____

[2]Neither of the seizure orders from the United States District Court for the Central District of California is set forth in a published opinion. Moreover, both orders were issued by the same judge.

[3]After the court authorized Rath, Young to take possession of the items seized from Hardware 4 Less and Brunelle until further notice, counsel for the plaintiffs advised the court that they were storing the seized items at a state police owned location for temporary safe keeping pending further instruction

counsel to provide it with relevant legal authority for this action, and indicated that in the absence of such authority, it would take custody of the seized items.

The plaintiffs were unable to provide the court with any controlling authority on the issue. Accordingly, on February 1, 2002, this court ordered Compaq to transfer the materials seized from Hardware 4 Less and Brunelle to a secure storage facility and to turn custody over to the Clerk of Court.

### Discussion

The Lanham Act unambiguously directs the court to take custody of any materials seized pursuant to 15 U.S.C. § 1116(d). See 15 U.S.C. § 1116(d)(7)(providing that any seized materials *shall* be taken into the court's custody). Moreover, nothing in the statute authorizes the district court to appoint a substitute custodian.

Only one published opinion addresses this issue. In Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 737 F. Supp. 1521 (S.D. Cal. 1990), aff'd, 970 F.2d 552 (9th Cir. 1992), the defendants objected to a provision of the district court's seizure order appointing plaintiffs or plaintiffs' agent as the substitute

_____

from the court.

4

custodian of the seized materials. The court rejected the defendants' position, stating, "[t]he Court is satisfied that this provision did not violate the rights of the defendants, as the protective order limited plaintiff's access to these records." 737 F. Supp. at 1525. The district court did not explain how its reasoning could comport with the plain language of the Lanham Act. Instead, the court cited <u>General Electric Co. v. Speicher</u>, 877 F.2d 531 (7th Cir. 1989) in support of its conclusion.

The <u>General Electric</u> case did not directly address the custody issue and does not support the <u>Reebok</u> court's decision. In <u>General Electric</u>, the Seventh Circuit analyzed the defendant's claim that the plaintiff had exceeded the scope of a seizure order. <u>See</u> 877 F.2d at 537-38. The order at issue contained a provision authorizing the plaintiff's counsel to retain items seized from the defendant. <u>See</u> <u>id.</u> at 537. Although the court discussed whether the plaintiff's actions had violated the terms or exceeded the scope of the seizure order, the court did not address whether the seizure order or any of its provisions conflicted with the Lanham Act. In particular, nothing in the Seventh Circuit's opinion discussed the appropriateness of the

5

seizure order's designation of a substitute custodian.

Having found no controlling case law supporting Compaq's representation that the district court is authorized to designate a substitute custodian, I conclude that this court must adhere to the plain language of the Lanham Act. Accordingly, as long as the seizure order against Hardware 4 Less and Brunelle remains in effect pursuant to 15 U.S.C. § 1116(d), this court will retain custody of all seized items.

The court is somewhat disturbed by the circumstances in which this issue has arisen. Ex parte seizure orders are extraordinary remedies that "are to be ordered only as a last resort." J. THOMAS McCARTHY, McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, Vol. 6, App. A8-19 (4th ed. 2001)(quoting the Joint Congressional Statement on 1984 Trademark Counterfeiting Legislation). Although the Act's seizure provisions were enacted for the purpose of thwarting the efforts of counterfeiters to destroy evidence and deny victims effective relief, Congress remained mindful of the severity of this relief by including various procedural safeguards to protect persons against whom such ex parte orders are issued. See id. at App. A8-14. The custody provision contained in 15 U.S.C. § 1116(d)(7) provides a means of

protecting confidential or privileged information from disclosure to the applicant and restricting the applicant's access to seized materials outside of the discovery process. See id. at App. A8-22 ("the purpose of the ex parte seizure is to protect materials from destruction or concealment; it is not to permit the plaintiff to bypass the normal discovery process"). This and other safeguards are only effective, however, if the court is careful to apply them properly.

Where, as in this case, the plaintiff submits an application for an ex parte seizure order to the court on an emergency basis, the court must rely heavily upon the plaintiffs' representations, not only as to the factual evidence supporting the issuance of a seizure order, but also as to the procedural steps that must be complied with before an order may be issued. If the applicant, albeit unintentionally,[4] fails to present accurately and thoroughly the requirements of the Lanham Act, there is a risk that the defendant's interests will not be protected.[5] Although

---

[4]The court believes that neither Compaq nor its counsel intended to mislead the court. Rather, it appears that the plaintiff's proposal for a substitute custodian merely followed what seems to have become an acceptable practice among some courts and practitioners.

[5]Due to the emergency nature of Compaq's application, the court had to rely heavily upon the accuracy of Compaq's written

there is no indication that the defendants' interests were compromised in this case, the court does not consider it acceptable practice to risk such a result due to an applicant's failure to apprise the court fully of the court's obligations under the Lanham Act's seizure provisions.

It appears that at least one district court in California has appointed substitute custodians in cases akin to this one. It also appears that certain members of the trademark bar have advocated using the plaintiff's counsel or agents as substitute custodians.  See Michael D. McCoy & James D. Myers, Ex Parte

----

submissions.  Compaq's proposed seizure order did not include a date for a hearing to determine whether the seizure order should remain in effect.  Pursuant to the Lanham Act, the court must hold such a hearing on a date "not sooner than ten days after the order is issued and not later than fifteen days after the order is issued . . . ."  15 U.S.C. § 1116(d)(10)(A).  This date must be set forth in the court's seizure order.  See 15 U.S.C. § 1116(d)(5).  In addition, Compaq did not alert the court as to its obligation to issue a protective order.  See 15 U.S.C. § 1116(d)(7).  The Lanham Act requires the court to issue appropriate protective orders to ensure that trade secrets or other confidential data are not improperly disclosed to the applicant during or after the seizure.  See id. (requiring the court to enter an appropriate protective order with respect to discovery by the applicant of any records that have been seized); see also J. THOMAS McCARTHY, McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, Vol. 6, App. A8-22 (4th ed. 2001)(the Lanham Act authorizes the court to restrict the applicant's access to the defendant's trade secret or confidential information during the course of the seizure).

8

<u>Seizure Order Practice After the Trademark Counterfeiting Act</u>, 14

AIPLA Q.J. 237, 260 (1986).  Nevertheless, this court believes

that this practice violates the express requirements of the

Lanham Act.  This court, therefore, will maintain custody of

items seized from the defendants until the seizure order has been

dissolved or modified or the items have been destroyed pursuant

to 15 U.S.C. § 1118.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 13, 2002

cc:    Kenneth C. Bartholomew, Esq.
       Roger D. Taylor, Esq.
       Thomas C. Dwyer, Esq.
       Arnold Rosenblatt, Esq.
       Mark Brunelle, <u>pro</u> <u>se</u>